**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VICTOR HUGO HORTA GARCIA, | No. 06-75548 |
| Petitioner, | Agency No. A070-962-853 |
| v. | |
| ERIC H. HOLDER, JR., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 8, 2012[**]

Before:   ALARCÓN, BERZON, and IKUTA, Circuit Judges.

Victor Hugo Horta Garcia, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum. We have

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual

_____

[*]   This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]   The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

findings. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny the petition for review.

Horta Garcia contends the agency erred in finding he did not establish past persecution based on an imputed political opinion. Substantial evidence supports the agency's determination that Horta Garcia failed to establish the harm he and his family suffered was on account of a protected ground. *See INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992) (petitioner must provide some evidence, direct or circumstantial, of persecutor's motive). In light of this conclusion, we need not address Horta Garcia's contention that the agency erred in considering only the threats he received in Guatemala. Further, Horta Garcia's reliance on the presumption of future persecution fails because he did not establish past persecution, *see Molina-Estrada v. INS*, 293 F.3d 1089, 1096 (9th Cir. 2002), and he does not otherwise challenge the agency's conclusion that he failed to establish a reasonable fear of future persecution. Accordingly, Horta Garcia's asylum claim fails. *See Ochoa v. Gonzales*, 406 F.3d 1166, 1172 (9th Cir. 2005).

**PETITION FOR REVIEW DENIED.**

06-75548

Horta Garcia v. Holder, No. 06-75548
BERZON, Circuit Judge, concurring:

I concur on the ground that Horta Garcia did not raise before the Board of

Immigration Appeals ("BIA") the primary issue he now raises–that his and his

family's professed neutrality in the Guatemalan civil unrest in the 1980s

constitutes an imputed political opinion for purposes of the nexus requirement.  His

brief to the BIA asserted only persecution on account of "his familial relationship."